UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| TROY GARDNER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:25-CV-161-CHB-MAS |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| DAVID PORTER, *et al.*, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATIONS** |
| Respondents. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendations filed by United States Magistrate Judge Matthew A. Stinnett, [R. 6]. The Report and Recommendations addresses Petitioner Troy Gardner's petition for habeas corpus pursuant to 28 U.S.C. § 2254. [R. 1]. Respondents did not respond to Petitioner's petition. The Magistrate Judge's Report and Recommendations recommends that Petitioner's petition be denied. [R. 6]. Neither party filed objections to the Report and Recommendations, and the time to do so has passed, making the matter ripe for review.[1] For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendations and deny Peititoner's petition.

In his petition, Petitioner argues that K.R.S. § 532.120(4) and related caselaw entitles him to credit as to his present sentence for his time served in pretrial detention in another case. [R. 1, pp. 17–18]. The statute provides that "[i]f a person has been in custody due to a charge that culminated in a dismissal, . . . the amount of time that would have been credited under subsection

---

[1] Approximately two weeks after the Magistrate Judge issued his Report and Recommendations, Petitioner advised the Court of his change in address. *See* [R. 8]. On July 15, 2025, the Court therefore remailed the Report and Recommendations to Petitioner's new address and provided two additional weeks for Petitioner to file any objections. *See* [R. 9]. The mailing has not been returned, and Petitioner has not filed any objection to the Report and Recommendations.

(3) of this section if the defendant had been convicted of that charge shall be credited as provided in subsection (4) of this section against any sentence based on a charge for which a warrant or commitment was lodged during the pendency of that custody." K.R.S. § 523.120(4).

As applied to his case, Petitioner was first indicted in Kentucky state case 23-CR-1067, for which he was detained for slightly over one month before his release to treatment. *Id.* at 17. Then, while Petitioner was on pretrial release, he was subsequently indicted in Kentucky state case 24-CR-160. *Id.* Because Petitioner incurred both charges while on Mandatory Reentry Supervision related to three other cases from 2017, Petitioner's supervision was revoked and he was ordered to resume those sentences on or around January 8, 2024. *Id.* at 18. Petitioner later resolved both 23-CR-1067 and 24-CR-160 via a plea agreement entered in June of 2024, under which Petitioner pled guilty to certain charges in 24-CR-160 and the charges in 23-CR-1067 were dismissed. *Id.* Petitioner now argues that as to his sentence in 24-CR-160, he is entitled to credit for his time served in the dismissed case, 23-CR-1067. *Id.*

In the Report and Recommendations, the Magistrate Judge notes that federal courts may only "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." [R. 6, p. 2] (quoting 28 U.S.C. § 2254). Accordingly, because Petitioner's "petition does not assert any violations of the constitution or federal law," he fails to present a cognizable claim for federal habeas relief. [R. 6, p. 2]. Moreover, the Magistrate Judge explains that, even if we assume Petitioner claims his custody violates the Constitution or federal law, the Sixth Circuit has held that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Id.* (quoting *Howard v. White*, 76 F. App'x 52, 53, 2003 WL 22146139 at *2 (6th Cir.

Sep. 16, 2003)). The Magistrate Judge thus recommended that Petitioner's petition be denied. [R. 6, p. 2].

The Magistrate Judge's Report and Recommendations advised the parties that any objections must be filed within fourteen days. [R. 6, p. 3]. The time to file objections has long since passed, and neither party has filed any objections to the Report and Recommendations nor sought an extension of time in which to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendations to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendations recommending Petitioner's petition be denied. The Court agrees with the Magistrate Judge's conclusion that Petitioner has not raised issues under the Constitution or federal law that permit this Court to entertain his application for habeas relief. And, the Court agrees that even if Petitioner did raise such a claim in his petition, he would still not be entitled to relief, since "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Accordingly, the Court finds that Plaintiff has not presented a cognizable claim for federal habeas relief.

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendations, [**R. 6**], is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Petition for Writ of Habeas Corpus, [**R. 1**], is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

4. The Court will enter a corresponding Judgment.

This the 16th day of September, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY